UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

        BRUCE G. LAPLANTE, JR.                06-00174 B

                Debtor                      <u>DECISION & ORDER</u>
------------------------------------------------------

                Alan E. Fielitz, Esq.
                4388 Clark Street
                Hamburg, New York 14075
                Attorney for Debtor

                John H. Ring III, Esq.
                385 Cleveland Drive
                Cheektowaga, New York 14215
                Attorney for Chapter 7 Trustee

Bucki, U.S.B.J.

      In this chapter 7 proceeding, the debtor has moved for reconsideration of a prior order dismissing this case for failure to file payment advices as required under 11 U.S.C. § 521(a)(1)(B)(iv) . For the reasons stated herein, the motion to reconsider is granted, and upon reconsideration, the order of dismissal is vacated.

      Section 521(a)(1)(B)(iv) of the Bankruptcy Code states that a debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." To support the enforcement of this requirement, Congress further enacted 11 U.S.C. § 521(i)(1). Subject to provisions not here relevant, this section states that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date

of the filing of the petition." Pursuant to 11 U.S.C. §521(i)(2), in the event of an automatic dismissal, a party in interest may also request that the court enter a confirmatory order dismissing the case.

Bruce G. LaPlante, Jr., filed a petition for relief under chapter 7 of the Bankruptcy Code on February 6, 2006. When the debtor had failed to file copies of any payment advices within 45 days of the bankruptcy filing, the trustee brought a motion, on notice to the debtor, for an order dismissing this case pursuant to 11 U.S.C. § 521(i). In the absence of opposition, I granted the trustee's motion. An order of dismissal was then entered on April 13, 2006. Pursuant to Bankruptcy Rule 9023 and F.R.C.P. 59, within ten days of the entry of the dismissal order, Mr. LaPlante moved for reconsideration.

At the hearing on the motion for reconsideration, the debtor reported that on March 20, 2006, he had supplied the trustee with evidence that his income was limited to a disability award under the Social Security Act and payments under the Workers' Compensation Law. Still, the trustee persisted in his argument that the debtor was required to file some form of payment advices.

Section 521(a)(1)(B)(iv) has no application in the present instance. This section requires only the filing of payment advices received during the sixty days prior to bankruptcy filing "by the debtor from any employer of the debtor." Here, neither the Workers' Compensation Board nor the Social Security Administration are employers of the debtor. Further, in both his schedules and Statement of Financial Affairs, the debtor indicates that he had no income from wages.

Because section 521(a)(1)(B)(iv) requires the filing only of those payment advices that a debtor receives from an employer, section 521(i) cannot effect the dismissal of a case filed by a debtor without income as an

06-00174 B												3

employee.  Accordingly, upon reconsideration, the trustee's motion to dismiss will be denied and the order of dismissal will be vacated.

    So ordered.

Dated:    Buffalo, New York               /s/ CARL L. BUCKI
          October 3, 2006                    U.S.B.J.